**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENTWORTH MANAGEMENT SERVICES, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>PAUL BECKINGHAM, JUNE BECKINGHAM, KEITH L. BEACH, TIM BERTSCH, TRINA LEE CROSSER, ALAN D. BLAIR, JANET CAMPBELL, KATHRYN A. CAREY, ALLAN SCOTT DENNING, MERRILEE FELLOWS, KAREN M. FRAUSON, RICHARD A. GATES, ROBERT GIBSON, EUGENA KAY SHELDON, LAURA J. MARK, Individually and on Behalf of the GREGORY MARK SPECIAL NEEDS TRUST, RANDY MCSPARREN, WANDA MCSPARREN, JUSTINE REED, TIMOTHY SALDIN, MARY BETH SALDIN, MICHAEL STIER, SHARON K. WEST, MICHAEL L. ROLUTI, LORI C. ROLUTI, ALANN R. APP, MARE P. APP, SANDRA J. ASCHERT, WILLIAM H. BATSCHELETE, JODI G. DUNCAN, SHELDON O. DUNCAN, LYNN E. SKINNER ELLIOTT, JOHN G. ELLIOTT, RHONDA S. MIRACLE, JOHN MOODY, SUZANNE MOODY, DAN ROLINCE, CHRISTINE ROLINCE, DIANE L. SANELLI, TIMOTHY REDMOND, LYNN ALVIN SHERRATZ, AUDRY D. TRAHAN, JEFFREY P. VAN BUSKIRK, KATHLEEN M. VAN BUSKIRK, DAVID S. WINTERS, BARBARA A. WINTERS, and COLIN CAMPBELL,<br><br>　　　　Defendants. | **No.**<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Through undersigned counsel, Plaintiff "**Wentworth**" Management Services, LLC files this "**Complaint**" against Defendants Paul Beckingham, June Beckingham, Keith L. Beach, Tim Bertsch, Trina Lee Crosser, Alan D. Blair, Colin Campbell, Janet Campbell, Kathryn A. Carey, Allan Scott Denning, Merrilee Fellows, Karen M. Frauson, Richard A. Gates, Robert Gibson, Eugen Kay Sheldon, Laura J. Mark (Individually and on Behalf of the Gregory Mark Special Needs Trust), Randy McSparren, Wanda McSparren, Justine Reed, Timothy Saldin, Mary Beth Saldin, Michael  Stier, Sharon K. West, Michael L. Roluti, Lori C. Roluti, Alann R. App, Mare P. App, Sandra J. Aschert, William H. Batschelete, Jodi G. Duncan, Sheldon O. Duncan, Lynne E. Skinner Elliott, John G. Elliott, Rhonda S. Miracle, John Moody, Suzanne Moody, Dan Rolince, Christine Rolince, Diane L. Sanelli, Timothy Redmond, Lynn Alvin Sherratz, Audry D. Trahan, Jeffrey P. Van Buskirk, Kathleen M. Van Buskirk, David S. Winters, and Barbara A. Winters  (collectively, "**Defendants**").

1.      Wentworth sues Defendants because they have persisted in attempting to pursue deficient claims against Wentworth in two separate Financial Industry Regulatory Authority ("**FINRA**") "**Arbitrations**"—despite Defendants' counsel recognizing, during the Arbitrations' hearings, that Wentworth has no relationship with Defendants and has never explicitly or implicitly consented to arbitrate any dispute with Defendants.

2.      Pursuant to FINRA rules governing customer disputes, in June 2022, Defendants Michael L. Roluti, Lori C. Roluti, Alann R. App, Mare P. App, Sandra J. Aschert, Lynne E. Skinner Elliot, John G. Elliott, John Moody, Suzanne Moody, Dan

Rolince, Christine Rolince, Diane L. Sanelli, Timothy Redmond, Lynn Alvin Sherratz, Jeffrey P. Van Buskirk, Kathleen M. Van Buskirk, David S. Winters, and Barbara S. Winters   initiated FINRA "**Arbitration 1**" against non-party and FINRA member "**Cabot**" Lodge Securities LLC, blaming Cabot for losses arising out of investments that each Defendant made in L Bonds issued by GWG Holdings, Inc. (the "**GWG L Bonds**").

3.      Non-party Stoltmann Law Offices ("**SLO**") solicited all of the Defendants to sue Wentworth in Arbitration 1, and represents all of them in that proceeding.

4.      In July 2022, SLO, purportedly on behalf of the remaining Defendants, initiated a second arbitration against Cabot ("**Arbitration 2**"), in which a new set of investors asserted claims functionally identical to those prepared and filed by SLO in Arbitration 1.

5.      The Arbitration 2 Defendants are Paul Beckingham, June Beckingham, Tim Bertsch, Kathryn A. Carey, Trina Lee Crosser, Alan D. Blair, Colin Campbell, Janet Campbell, Allan Scott Denning, Merrilee Fellows, Karen M. Frauson, Richard A. Gates, Robin Gibson, Eugena Kay Sheldon, Laura J. Mark (individually and on behalf of the Gregory Mark Special Needs Trust), Randy McSparren, Wanda McSparren, Justine Reed, Timothy Saldin, Mary Beth Saldin, Michael Steir, and Sharon K. West.

6.      On February 14, 2023, the Arbitration 2 Defendants moved to file a Second Amended Statement of Claim, solely to add (1) Plaintiff Wentworth and (2) non-party "**Cabot CEO**" as Respondents in that Arbitration (the "**Motion**").

7.      At oral argument on that Motion, Defendants' counsel readily agreed that Wentworth had never agreed to arbitrate any matter with Defendants, and that FINRA had no jurisdiction to hale Wentworth into arbitration.

8.      However, Defendants have continued to argue that they can sue Wentworth in both Arbitrations because it is a "control person" within the meaning of the Exchange Act.

9.      Moreover, Defendants have repeatedly stated that they will sue Wentworth in federal court unless Wentworth voluntarily submits itself to the two FINRA Arbitrations (the "**Threatened Litigation**").

10.     However, Wentworth is not a "control person" of Cabot or any other FINRA member.

11.     Therefore, to settle this threshold legal question and end the harm that SLO and Defendants are perpetrating against Wentworth in two separate Arbitrations, Wentworth seeks a declaratory judgment that Wentworth is not a Cabot "control person" as defined in the Securities Exchange Act of 1934 (the "**Exchange Act**") and (b) a permanent injunction staying both Arbitrations against Wentworth.

## The Parties, Jurisdiction, and Venue

12.    Because this case arises out of the Exchange Act, this Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

14.    Wentworth is a Delaware limited liability corporation whose primary place of business is Manhattan, New York.

15.    At all relevant times, Defendants Paul Beckingham, June Beckingham, Tim Bertsch, Trina Lee Crosser, Alan D. Blair, Colin Campbell, Janet Campbell, Allan Scott Denning, Laura J. Mark, Randy McSparren, Wanda McSparren, Justine Reed, Timothy Saldin, Mary Beth Saldin, Michael Stier, Michael Roluti, Lori Roluti, Alann R. App, Mare P. App, Sandra J. Aschert, Lynne E. Skinner Elliott, John G. Elliott, John Moody, Suzanne Moody, Dan Rolince, Christine Rolince, Diane L. Sanelli, Timothy Redmond, Lynn Alvin Sherretz, Jeffrey P. Van Buskirk, Kathleen M. Van Buskirk, Robin Gibson, Eugena Kay Sheldon, David S. Winters, and Barbara A. Winters were Colorado citizens.

16.    At all relevant times, Defendant Merrilee Fellows was a District of Columbia citizen.

17.    At all relevant times, Defendant Karen Frauson was a Utah citizen.

18.    At all relevant times, Defendant Richard Gates was an Alabama citizen.

19.    At all relevant times, Defendant Sharon K. West was an Arkansas citizen.

20.     All Defendants were Cabot customers serviced by non-party Ann Louise Werts f/k/a Ann Louise Vanderslice.

21.     From 2013 through 2021, Ms. Werts was a FINRA registered representative associated with Cabot. While associated with Cabot, Ms. Werts held FINRA Series 7, 66, and SIE licenses. Today, Ms. Werts is registered with FINRA as an associated person of non-party Madison Avenue Securities, LLC ("**Madison Avenue**"). Despite its name, Madison Avenue is a Delaware corporation headquartered in San Diego, and Ms. Werts is associated with its Lakewood, Colorado office.

22.     Ms. Werts solicited all Defendants' investments in the GWG Bonds.

**Non-Party Ann Werts Solicited Defendants' Investments in the GWG L Bonds**

23.     Under the auspices of the Exchange Act, private not-for-profit FINRA is the only "self-regulatory organization" authorized to oversee American securities firms and personnel.

24.     Individuals who earn commission compensation for selling securities must, <u>inter alia</u>, acquire licenses from and register with FINRA, and become "associated" with FINRA member firms.

25.     Ms. Werts has been registered and associated with FINRA member firms from 1987 through 2000, 2002 through 2003, and 2009 through the present.

26.     In 2013, Ms. Werts needed to find a new FINRA member brokerage firm.

27.     Ms. Werts claimed to have particular expertise in advising current and former federal employees on ways to maximize federal employee and other retirement benefits.

28.     In 2013, Ms. Werts and Cabot entered into a Financial Advisor Independent Contractor Agreement, which allowed Ms. Werts to become a Cabot registered representative.

29.     During her association with Cabot, Ms. Werts solicited and cultivated relationships with customers, particularly focusing on older and retired federal employees.

30.     Ms. Werts gathered extensive personal  information from each customer, purporting to use that information to prepare detailed financial summaries for and make recommendations to each customer, with a particular focus on maximizing their federal benefits.

31.     Throughout her relationship with Cabot, Ms. Werts spearheaded all suitability and other analyses necessary to making her recommendations to the customers, including all Defendants.

32.     In return for identifying and researching her own investment recommendations and cultivating and maintaining the customer relationships, Ms. Werts retained the vast majority of commissions and fees that Defendants paid to Cabot.

33.     From 2017 through 2020, Ms. Werts recommended that her customers purchase the GWG L Bonds.

34.     Relying on Ms. Werts's counsel, each and every Defendant purchased GWG L Bonds, relying on GWG's representations that the Bonds would (1) pay 5.5%

interest and mature after two years, (2) pay 6.25% interest and mature after three years, or (3) pay 8.5% interest and mature after seven years.

### Despite Lacking Any Factual or Legal Basis to Drag Wentworth into Their Dispute with Cabot, Defendants are Threatening to Sue Wentworth

35.    Despite its previous representations, GWG stopped paying the Bonds' interest.

36.    GWG filed for Chapter 11 bankruptcy in April 2022.

37.    After GLG filed for bankruptcy, SLO solicited Defendants to sue Cabot in the two FINRA Arbitration.

38.    Now, Defendants are trying to add Wentworth to both FINRA Arbitrations—despite the fact that Defendants have failed to articulate a single fact to suggest that Wentworth had anything to do with their investments.

39.    Moreover, Defendants have threatened that they will sue Wentworth in federal court and allege Exchange Act "control person" liability unless Wentworth voluntarily submits itself to both FINRA Arbitrations.

40.    However, Wentworth is not and has never been a Cabot "control person."

41.    Wentworth has never exercised any functional control over Cabot.

42.    Wentworth has never directed Cabot's day-to-day decision-making.

43.    Wentworth has never directed Cabot's high-level strategy.

44.    Wentworth does not employ Cabot.

45.    Wentworth does not compensate Cabot.

46.    Wentworth is not even a direct shareholder of Cabot.

47.     Instead, Wentworth is twice-removed from ownership of Cabot.

48.     Moreover, Wentworth is not even an LLC member of Cabot.

49.     Wentworth's indirect ownership of Cabot's equity does not make it an Exchange Act "control person" of Cabot.

## COUNT I – DECLARATORY JUDGMENT

50.     Wentworth repeats its foregoing allegations.

51.     The Exchange Act narrowly construes secondary and "control person" liability.

52.     To drag Wentworth into the Arbitrations and Threatened Litigation—and despite acknowledging that its arguments have been baseless—SLO is causing Defendants to claim that Wentworth is a "control person" within the meaning of the Exchange Act.

53.     Because district courts like this one have the "exclusive jurisdiction" to hear alleged violations of the Exchange Act, this Court has the power to settle the controversy between the parties by deciding whether Wentworth is, in fact, a Cabot "control person."

54.     Wentworth therefore seeks declaratory judgment that it is not a "control person" of Cabot as defined in the Exchange Act.

## COUNT II – PERMANENT INJUNCTION

55.     Wentworth repeats its foregoing allegations.

56.     Wentworth has never agreed to arbitrate any dispute with any Defendant.

57.     Indeed, Wentworth has never had any relationship at all with any Defendant.

58.     In both Arbitrations, Defendants have acknowledged that Wentworth is not a FINRA member and has not executed any arbitration agreement with any Defendants.

59.     Despite recognizing that no contract or law allows them to sue Wentworth at FINRA, Defendants have persisted with both Arbitrations anyway.

60.     Therefore, Wentworth respectfully requests that the Court enter a permanent injunction staying both Arbitrations against Wentworth.

## RELIEF REQUESTED

Wentworth requests the following relief:

(a) Declaratory judgment that Wentworth is not a Cabot "control person;"
(b) A permanent injunction staying both Arbitrations against Wentworth;
(c) Costs and attorneys' fees caused by Defendants' bad-faith pursuit of Wentworth; and
(d) All other relief that the Court finds just and proper.

Wentworth demands a jury trial.

Dated: March 30, 2023
          New York, New York

**GUSRAE KAPLAN NUSBAUM PLLC**

/s/ Kari Parks
Martin H. Kaplan
Kari Parks
120 Wall Street, 25th Floor
New York, New York 10005
(212) 269-1400
mkaplan@gusraekaplan.com
kparks@gusraekaplan.com

*Counsel for Plaintiff Wentworth Management Services, LLC*