# GUSRAE KAPLAN NUSBAUM PLLC
## ATTORNEYS AT LAW

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

OF COUNSEL
ROBERT L. BLESSEY

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM

May 17, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> The Order issued April 3, 2023, directed the parties to file a proposed civil case management plan in addition to the endorsed joint letter. The parties shall file the proposed case management plan by **May 23, 2023**. The initial conference scheduled for May 24, 2023, is **ADJOURNED** to May 31, 2023, at 4:10 P.M. The conference will be telephonic and will take place on the following line: 888-363-4749; access code 558-3333. So Ordered.
>
> Dated: May 18, 2023
> New York, New York
>
> _/s/ Lorna G. Schofield_
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

RE: <u>Wentworth Management Services, LLC v. Paul Beckingham et al.</u>, No. 23 Civ. 2660 (LGS)

Dear Judge Schofield:

    My firm represents Plaintiff "**Wentworth**" Management Services, LLC and writes jointly with counsel for **Defendants**[1] pursuant to your Order directing, <u>inter alia</u>, a telephonic pretrial conference on May 24, 2023 at 4:10p.m. <u>See</u> Dkt. 6 (Apr. 3, 2023).

---

[1] This action's "**Defendants**" are Paul Beckingham, June Beckingham, Keith L. Beach, Tim Bertsch, Trina Lee Crosser, Alan D. Blair, Colin Campbell, Janet Campbell, Kathryn A. Carey, Allan Scott Denning, Merrilee Fellows, Karen M. Frauson, Richard A. Gates, Robert Gibson, Eugen Kay Sheldon, Laura J. Mark (Individually and on Behalf of the Gregory Mark Special Needs Trust), Randy McSparren, Wanda McSparren, Justine Reed, Timothy Saldin, Mary Beth Saldin, Michael Stier, Sharon K. West, Michael L. Roluti, Lori C. Roluti, Alann R. App, Mare P. App, Sandra J. Aschert, William H. Batschelete, Jodi G. Duncan, Sheldon O. Duncan, Lynne E. Skinner Elliott, John G. Elliott, Rhonda S. Miracle, John Moody, Suzanne Moody, Dan Rolince, Christine Rolince, Diane L. Sanelli, Timothy Redmond, Lynn Alvin Sherratz, Audry D. Trahan, Jeffrey P. Van Buskirk, Kathleen M. Van Buskirk, David S. Winters, and Barbara A. Winters.

1.      **The Nature of the Case**

Wentworth's Complaint alleges that Defendants are former customers of non-party "**Cabot**" Lodge Securities LLC, a Financial Industry Regulatory Authority ("**FINRA**")-registered and -regulated broker–dealer. Defendants have initiated two separate FINRA "**Arbitrations**" against Cabot for losses arising out of investments that each Defendant made in L Bonds issued by non-party GWG Holdings, Inc. (the "**GWG L Bonds**").

Wentworth alleges that Defendants are attempting to add Wentworth as a respondent in both Arbitrations. While Defendants have acknowledged that Wentworth has never agreed to arbitrate any matter with Defendants and that FINRA has no jurisdiction to hale Wentworth into the Arbitrations, Defendants are arguing that they nevertheless can sue Wentworth in the Arbitrations because it is a "control person" within the meaning of the Securities "**Exchange Act**" of 1934. Defendants have repeatedly stated that they will sue Wentworth in federal court and attempt to compel Wentworth into the Arbitrations unless Wentworth voluntarily submits itself to the two FINRA Arbitrations.

Therefore, Wentworth initiated this "**Action**," seeking declaratory judgment that Wentworth is not a Cabot "control person" as defined in the Exchange Act, and a permanent injunction staying both Arbitrations against Wentworth. Therefore, the "major legal and factual issues most important to resolving this case" include whether Wentworth had "actual control" over Cabot, i.e., "the power to direct or cause the direction the management and policies of [Cabot], whether through ownership of voting securities, by contract, or otherwise;" Wentworth engaged in "culpable conduct" relevant to Respondents' Arbitration claims against Cabot;" whether Wentworth acted in good faith and did not induce the allegedly-violative acts. In re Alstom SA, 406 F. Supp. 2d 433, 486 (S.D.N.Y. 2005) (Marrero, J.) (citing, inter alia, Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998); SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1472 (2d Cir. 1996), cert. denied, 522 U.S. 812 (1997)).

Defendants disagree with Plaintiff's statement regarding the nature of the case. Defendants contend that the relief sought in its declaratory judgment is not at issue because nowhere in the underlying arbitration claims do Defendants argue, plead, or suggest that Wentworth is a "control person" under the Exchange Act. Rather, those claims are limited to the Colorado Securities Act.

Further, Defendants have withdrawn their motions to amend and add Wentworth as a party to the underlying FINRA arbitration claims. Therefore, there is no imminent threat to Plaintiff that is capable of adjudication. Defendants gave Wentworth the

opportunity to voluntarily submit to FINRA arbitration jurisdiction and Wentworth declined that offer. As such, Defendants contend there are no issues that require adjudication in connection with Plaintiff's request to stay or otherwise bar arbitration, and that Plaintiff's position is predicated on a finding by the arbitration panels that Cabot is liable. The issue is therefore moot, and not ripe for adjudication at this juncture.

### 2. Subject Matter Jurisdiction and Venue

Plaintiff Wentworth believes that because this case arises out of the Securities Exchange Act of 1934, the Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a). Wentworth alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 77v because Defendants directed their harms at Plaintiff, knowing that Plaintiff's principal place of business in Manhattan, New York.

Defendants disagree with Plaintiff's position on subject matter jurisdiction and venue. Plaintiff's claims are not yet ripe for adjudication as the arbitrations are pending and the Defendants have withdrawn their motions to add Wentworth as a voluntarily participant.[2] There is not federal question jurisdiction because Defendants have not alleged any federal securities law claims against Plaintiff. Defendants believe that venue in the Southern District of New York ("SDNY") is improper, in that a substantial part of the events or omissions giving rise to the claims at issue occurred within the District of Colorado, and not the SDNY.[3]

---

[2] Wentworth has not voluntarily elected to participate in either arbitration proceeding.
[3] The vast majority of the Defendants are individuals residing in Colorado, and all sales of the securities at issue took place in or from Colorado.

### 3. Diversity

Plaintiff has not alleged diversity as a basis of this Court's subject matter jurisdiction.

### 4. Anticipated Motions

There are no pending motions and the parties do not expect to make any motions or any other applications at the May 24, 2023 status conference.

Plaintiff Wentworth expects to move for summary judgment granting its declaratory judgment and permanent injunction claims, as it believes that the undisputed material evidence will show that it is not a "control person" of Cabot.

Defendants expect to file a motion to dismiss based on lack of subject matter jurisdiction, improper venue, and failure to state a claim. If the case is not dismissed, Defendants intend to file a motion for summary judgment declaring that Plaintiff is a "control person" of Cabot as defined in the Colorado Securities Act.

### 5. Discovery

No discovery has occurred. Plaintiff expects that this Action's admissible discovery will be evidence regarding the existence or non-existence of (1) Wentworth's operations vis-à-vis Cabot, (2) Wentworth's legal relationship with Cabot, (3) Wentworth's involvement in the GWG L Bonds, and (4) Wentworth's relationship with each Defendant. In addition, Defendants expect that this Action's admissible discovery will include evidence regarding (a) Wentworth and Cabot's common management and operations, (b) common assets and liabilities shared by Wentworth and Cabot, (c) the financial records of both Wentworth and Cabot, (d) the internal corporate governance records of both Wentworth and Cabot, (e) financial records regarding transfers of money or other assets between Wentworth and Cabot (f) documents provided to regulators by Cabot that reference Wentworth, (g) Wentworth's direct or indirect control over Cabot, (h) whether or not Wentworth did not know, or could not have known, about the facts giving rise to liability in the Arbitrations.

### 6. Damages Computation

Wentworth does not seek monetary damages. Defendants reserve their right to seek damages and attorneys' fees at this juncture.

7. **Settlement Status**

There have been no settlement discussions. The Parties would like to request a settlement conference with Magistrate Judge Willis.

Respectfully submitted,

/s/ Kari Parks
Kari Parks

CC: All counsel of record (via ECF)