# STOLTMANN LAW OFFICES, P.C.

**161 N. Clark St., 16th Floor, Chicago, Illinois 60601**
**2000 Center Drive, Suite East C218, Hoffman Estates, Illinois 60192**
**Telephone 312-332-4200 Facsimile 312-332-4201**
**www.stoltmannlaw.com**

May 23, 2023

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:     *Wentworth Management Services, LLC v. Beckingham et al*
        *United States District Court for the Southern District of New York, Case No. 1:23-cv-*
        *02660-LGS*

Dear Judge Schofield:

    This Firm represents the Defendants in the above-captioned matter. In accordance with Part III of the Court's Individual Practices in Civil Cases, I write to notify the Court of the Defendants' intention to file a Rule 12 motion to dismiss the Plaintiff's complaint for: (i) lack of subject matter jurisdiction; (ii) improper venue; and (iii) and failure to state a claim. Defendants propose the following briefing schedule: (i) Motion due by June 30, 2023; (ii) Response due by July 14, 2023; and (iii) Reply due by July 21, 2023.

    By way of background, the Defendants are individual investor claimants pursuing claims in two separate Financial Industry Regulatory Authority (FINRA) arbitration proceedings against an affiliate and subsidiary of Plaintiff, Cabot Lodge Securities, LLC ("Cabot") regarding their investment losses in a now bankrupt bond investment. Almost all of the Defendants are individual investors residing in Colorado, and the arbitrations are venued in Denver, Colorado. In the underlying arbitrations, Defendants sought leave from the arbitration panels in both cases to amend their FINRA Statement of Claims to add Plaintiff Wentworth Management Services as a "control person" respondent under the Colorado Securities Act. Under the Colorado Securities Act, "control persons" can be held secondarily liable for investment losses if the person subject to their "control" is found primarily liable.  Those motions were granted, but FINRA made clear to Defendants that Wentworth's participation in the arbitrations would be only voluntary because Plaintiff is neither a FINRA member firm, nor a signatory bound by any arbitration agreement. Wentworth declined to voluntarily submit to arbitrations, and Defendants withdrew their claims against Wentworth in the arbitrations without prejudice.

    Plaintiff, whose subsidiary Cabot Lodge Securities is represented by the same law firm in the underlying FINRA proceedings, brought a two-count complaint against the Defendants seeking (i) Declaratory Relief that the Plaintiff is not a "control person" as defined in the Securities Exchange Act of 1934, and (ii) a permanent injunction staying both arbitrations against Plaintiff.

1

Defendants believe that their motion is likely to result in a dismissal of this action. With regard to a lack of subject matter jurisdiction, Defendants are simply wrong on the facts. Defendants have not made a claim under the Securities Exchange Act of 1934 in the underlying arbitration actions, nor have they attempted to leverage the definition of "control person" under that *federal* law. Instead, Defendants argued that Wentworth is a "control person" under the Colorado Securities Act – a *state* law. Therefore, there is no case or controversy under any federal law, and jurisdiction under 28 U.S. Code § 1331 does not exist.

Moreover, even assuming Plaintiff Wentworth *is a control person* of Cabot Lodge Securities under Colorado law, whether Plaintiff is liable as such depends on a finding of liability first against Cabot Lodge.  As of the writing of this letter, there are not even arbitration hearing dates set for the Cabot Lodge arbitrations. Therefore, the determination of liability against Cabot Lodge in the underlying arbitration proceedings is likely at least one year away – therefore making this action unripe for adjudication at this juncture.  A Court cannot offer a declaratory judgement immunizing Plaintiff from purely hypothetical secondarily liability. *See Mears v. Montgomery*, No. 02 Civ. 407 (MHD), 2013 WL 09221 (S.D.N.Y. Jan. 4, 2013) ("Accordingly, for a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.").

The Court should also consider whether Plaintiff has brought this action as "procedural fencing." *Dow Jones & Co. v. Harrods*, 346 F.3d 357, 359–60 (2d Cir. 2003) (explaining that whether an action appears to be "procedural fencing" weighs against exercising jurisdiction). Plaintiff's generalized allegations and the timing of its decision to file the complaint – without warning to the Defendants – strongly suggests that Plaintiff filed this action to "jump the gun" on the Defendants and secure strategic advantages in any dispute with Defendants. *See Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990) ("[T]he misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.").

With regard to Plaintiffs request for a permanent injunction, there is no pending or threatened arbitration proceeding brought by Defendants against Plaintiff. Defendants have already withdrawn their requests to invite Plaintiff to participate in one of the arbitration proceedings, and Defendants have declined to voluntarily submit to the other arbitration proceeding. Even FINRA (the arbitral forum) has indicated that it has no jurisdiction over Plaintiff. Therefore, there is nothing to enjoin – thereby making Plaintiff's request for a permanent injunction moot.

With regard to venue, 28 U.S.C. § 1391(b)(2) provides that "[a] civil action may be brought in … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...." (emphasis added). When, as here, a plaintiff relies on § 1391(b)(2) for venue, a two-part inquiry is appropriate:

First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357

(2d Cir. 2005). Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether "significant events or omissions material to [those] claim[s] ... have occurred in the district in question." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). (emphasis added).

Here, the Complaint does not even allege a single act or omission giving rise to the underlying claims at issue occurred in the Southern District of New York. Moreover, the Second Circuit has cautioned courts that the adjective "substantial" within § 1391(b)(2) is meaningful: "[W]e caution district courts to take seriously the adjective 'substantial.' We are required to construe the venue statute strictly. That means for venue to be proper, *significant* events or omissions *material to the plaintiff's claim* must have occurred in the district in question ...." *Gulf Ins. Co.*, 417 F.3d at 357 (emphasis added). There is no close nexus to the Southern District of New York, and therefore venue cannot be supported. Though this Court could exercise its wide latitude in transferring this case to a more convenient forum where venue is proper, such as the District of Colorado, dismissal is the more appropriate remedy given the insufficiency of the pleadings. Indeed, given Plaintiff's utter failure to state a claim upon which relief can be granted, as argued immediately below, this Court should exercise its sound discretion and dismiss this case.

Finally, the Complaint must be dismissed in its entirely under Fed.R.Civ.Pro. 12(b)(6) as Defendant has failed to state a claim upon which relief can be granted. The Supreme Court has made clear that "[t]o survive a motion to dismiss,' a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'[N]aked assertions' devoid of 'further factual enhancement'" likewise do not suffice. Id. (quoting *Twombly*, 550 U.S. at 557).

Count I (Declaratory Relief) is implausible, as Defendants have not made any claims under the Securities Exchange Act of 1934, and Plaintiff indeed does have direct and indirect control over Cabot Lodge under the Colorado Securities Act. Count II (Permanent Injunction) is implausible as there are no arbitration claims by Defendants pending (or even threatened against Plaintiff), and Defendants have no mechanism to compel Plaintiff to arbitrate. Plaintiff's assertions are so thinly pleaded that the Complaint should be dismissed without leave to amend, as any amendment cannot cure the defects present in the Complaint.

In sum, Defendants ask that this Complaint be dismissed without leave to amend, and that discovery be stayed and the Initial Pretrial Scheduling Conference be adjourned pending the ruling on Defendants' motion given the disabling lack of subject matter jurisdiction and venue.

Respectfully Submitted:


/s/ *Joseph R. Wojciechowski*
cc:      Ms. Kari Parks, Esq. (Counsel for Plaintiff – Via ECF Filing)

Joseph R. Wojciechowski – *Pro Hac Vice*
Counsel for Defendants
Stoltmann Law Offices, P.C.
2000 Center Drive, Ste. East C218
Hoffman Estates, IL 60192
312-332-4200
joe@stoltlaw.com

Michael M. Steinmetz, Esq.
Garson, Segal, Steinmetz, Fladgate, LLP
164 West 25th St., 11R
New York, NY 10001
212-380-3623
ms@gs2law.com