| | |
|---|---|
| Kari Parks<br>Gusrae Kaplan Nusbaum PLLC<br>120 Wall Street<br>New York, NY 10005 | Joe Wojciechowski<br>Stoltmann Law Offices, P.C.<br>2000 Center Drive, Suite East C218<br>Hoffman Estates, Illinois 60192 |

May 23, 2023

<u>**VIA ECF**</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *Wentworth Management Services, LLC v. Beckingham et al*
*United States District Court for the Southern District of New York, Case No. 1:23-cv-02660-LGS*

Dear Judge Schofield:

In accordance with the Court's May 18, 2023 Order, the parties respectfully submit this joint status letter summarizing the parties' respective positions on the proposed case management plan. Due to divergent views of the optimal case management plan, the parties were unable to reach an agreement on a joint case management plan.

Plaintiff's proposed case management plan is attached as <u>Exhibit 1</u>. Plaintiff does not believe that there are any "unique complexities" or "exceptional circumstances" that require a fact discovery deadline longer than 120 days. Plaintiff's complaint seeks nothing but declaratory judgment that Plaintiff is not a "control person" of non-party Cabot Lodge Securities LLC, and a permanent injunction staying both arbitrations that Defendants have threatened to bring against Plaintiff. Therefore, Plaintiff believes that this is a straightforward, narrow dispute in which nearly all of the relevant discovery would lie with Plaintiffs, not with Defendants, and which does not even require discovery on damages, since Plaintiff seeks no damages.

The Defendants' proposed case management plan is attached as <u>Exhibit 2</u>. Defendants believe that there are unique complexities or exceptional circumstances in this case that warrant having the fact discovery completion deadline more than 120 days from entry of the case management order. These unique complexities or exceptional circumstances include, but are not limited to:

(i) the jurisdictional issues presented;
(ii) the number of parties involved (more than 50);
(iii) the number of entities, individuals, or parties that discovery could be directed to (more than 60);

(iv) the size of the relief at stake (millions of dollars);
(v) the lack of urgency given the fact that the arbitrations have no set hearing date;
(vi) the mootness of the injunctive relief sought;
(vii) the ability of Wentworth to enforce a declaratory judgment or injunctive relief in other judicial districts; and
(viii) the likelihood that Defendants will prevail on their motion to dismiss.

In light of the foregoing, unless discovery is limited to exclude any fact discovery from Defendants, it is unduly burdensome on the Defendants to agree to complete discovery within 120 days of the entry of a case management order. Defendants intend to move to dismiss this case in its entirety, and therefore believe that staying discovery until a ruling on the motion to dismiss is the best way to conserve the resources of all parties and the Court.

While both parties expressed a willingness to compromise, the parties will look to the Court on how to best resolve this impasse on case management in light of the issues presented herein.

/s/ Joe Wojciechowski
Counsel for Defendants

# EXHIBIT 1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  Wentworth Management Services, LLC                               :
                                                                   :
                                                                   :
                                            Plaintiff(s),          :          23 Civ. 2660 (LGS)
                         -v-                                       :
                                                                   :          CIVIL CASE
  Paul Beckingham et al.                                           :          MANAGEMENT PLAN
                                            Defendant(s).          :          AND SCHEDULING
                                                                   :          ORDER
------------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have _____ / have not __X__] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No _____]

   b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes _____ / No _____]

   c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes _____ / No _____]

   d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes _____ / No_____]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have _____ / have not __X__] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
   _____
   _____
   _____

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   __The Parties propose a settlement conference before Magistrate Judge Willis.__
   _____
   _____

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   _____After the close of fact discovery._____
   _____
   _____

   e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after __6/15/2023__ without leave of Court.

6. Amended pleadings may be filed without leave of Court until __6/15/2023__.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __21__ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than __September 21, 2023__.
   *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __June 9, 2023__.

c. Responsive documents shall be produced by __July 14, 2023__.
Do the parties anticipate e-discovery? [Yes __X__ / No _____]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __June 9, 2023__.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by __September 14, 2023__.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __September 21, 2023__.

g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a. Anticipated types of experts if any:
    __Plaintiff anticipates calling an expert witness to testify regarding broker-dealer ownership structures.__

    b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than __Nov. 9, 2023__.
    *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c. If you have identified types of experts in question 9(a), by __8/18/2023__ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __X__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is __10 days__.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_____
_____
_____
_____
_____
_____
_____
_____

13. Status Letters and Conferences

   a. By  7/21/2023   *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

   b. By  10/5/2023   *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On  10/5/2023   at  10  A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

      ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated: _____
       New York, New York

                                                      LORNA G. SCHOFIELD
                                                    United States District Judge

Counsel for the Parties:

Martin H. Kaplan
Gusrae Kaplan Nusbaum PLLC

120 Wall Street, 25th Floor
New York, NY 10005
(212) 269-1400
mkaplan@gusraekaplan.com

# EXHIBIT 2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
                                                                  :
                                                                  :
                                  Plaintiff(s),                   :        __ Civ. _____ (LGS)
                -v-                                               :
                                                                  :        CIVIL CASE
                                                                  :        MANAGEMENT PLAN
                                  Defendant(s).                   :        AND SCHEDULING
                                                                  :        ORDER
------------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have _____ / have not __X__] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes _____ / No __X__]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
       [Yes _____ / No __X__]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
       [Yes _____ / No __X__]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes _____ / No __X__]

4.  Alternative Dispute Resolution/Settlement

    a.  Settlement discussions [have _____ / have not __X__ ] taken place.

    b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
        ____None._____
        _____
        _____

    c.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
        ____Settlement conference before Magistrate Judge Willis_____
        _____
        _____

    d.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
        ____Within the next 60 days_____
        _____
        _____

    e.  **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.  No additional parties may be joined after ___6/15/23___ without leave of Court.

6.  Amended pleadings may be filed without leave of Court until ___6/15/23___.

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___21___ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.  Fact Discovery

    a.  All fact discovery shall be completed no later than ___4/5/24___.
        *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.  Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ___10/1/23___.

c. Responsive documents shall be produced by __11/1/23__.
Do the parties anticipate e-discovery? [Yes _X_ / No ____]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by __12/15/23__.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by __2/2/24__.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __3/1/24__.

g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a. Anticipated types of experts if any:
    __Defendants reserve the right to call an expert to testify regarding__
    __types of "control persons" in the securities industry__
    _____

    b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
    *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

    c. If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is _X_ / is not ____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is __3__.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
   Given the anticipated jurisdictional motion to dismiss, the Defendants proposed the foregoing dates.
   _____
   _____
   _____
   _____
   _____
   _____

13. Status Letters and Conferences

   a. By _____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

   b. By _____ [14 days after the close of fact discovery], the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On _____ at _____A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

      ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

4

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated: _____
      New York, New York

                                                                                            LORNA G. SCHOFIELD
                                                                               United States District Judge

Counsel for the Parties:

_____        _____

_____        _____

_____        _____